United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHUNKI FLEMING,
Plaintiff,

v.

PELICAN BAY STATE PRISON,
Defendant.

Case No. 26-cv-01129-TLT

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; AND SERVING COGNIZABLE CLAIMS**

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 regarding events at Pelican Bay State Prison (PBSP). The Court dismissed the complaint with leave to amend due to a lack of specificity in the initial complaint. For the reasons stated below, service of the first amended complaint is ordered on defendants Keeter and Michael. Plaintiff's claims against the remaining individuals, Moor and Cody Atwater, are dismissed with leave to amend.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**B. Plaintiff's Claims**

Plaintiff alleges his rights were violated on multiple occasions by medical staff. Dkt. No. 7. He first states that he suffered an assault and was transported to Pelican Bay State Prison ("PBSP"). *Id.* at 1. Then, unnamed correctional officers carried him on and off the transport van. *Id.* When he arrived at PBSP, the staff did not know he needed a wheelchair and stated that he could move his legs and "were pushy trying to get [plaintiff] to stand or move [his] legs and [would] get mad at [him] and tell [him he] was playing." *Id.* He alleges that Michelle Keeter

United States District Court
Northern District of California

would often do these things. Plaintiff also alleges Keeter lied regarding his possession of a weapon.

Yeh Michael was informed that plaintiff had a history of assaulting staff with medical equipment and claimed plaintiff assaulted staff with these items, which plaintiff states is false. *Id.* at 2. They used these allegations to take his "ADA equipment" (wheelchair and walker), which forced plaintiff to crawl to the toilet. *Id.* Unnamed correctional officers took his clothes and sheets as well. *Id.* He states the medical staff and correctional officers torture inmates and monopolize the grievance process.

He further alleges that Moor falsely accused plaintiff of swearing at her and that Yeh Michael lied about plaintiff's aggressive behavior. *Id.* When plaintiff complained of excessive use of force, Cody Atwater allegedly failed to report this complaint and just wrote in his file that plaintiff complained of nose pain. *Id.*

**i. Michelle Keeter**

Plaintiff alleges Michelle Keeter was involved in forcing plaintiff to stand or move his legs despite his inability to do so and falsely implied he could walk. Dkt. No. 7 at 1.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)[1]; *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Liberally construed, plaintiff has stated a claim for deliberate indifference to serious medical needs against Michelle Keeter when she failed to provide plaintiff a wheelchair and

[1] *WMX Technologies* overruled *McGuckin* only to the limited extent that *McGuckin* suggested that a court's dismissal with leave to amend is a final judgment for purposes of appeal where the plaintiff simply does not choose to file an amended complaint. *See WMX Technologies*, 104 F.3d at 1136. Rather, a further district court determination dismissing the complaint must be obtained before the order can be appealed. *See id.*

participated in forcing him to stand when he could not.

**ii. Yeh Michael**

Plaintiff alleges Yeh Michael falsely accused him of aggressive behavior. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). However, plaintiff alleges that Michael's false reporting led to his wheelchair being taken, forcing him to crawl in his cell. Liberally construed, to the extent the accusation deprived plaintiff of his ADA equipment, he has stated a cognizable claim for deliberate indifference against Michael.

**iii. Moor**

Plaintiff alleges Moor falsely accused plaintiff of swearing at her. Even liberally construed, this false accusation alone does not allege a constitutional claim. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse*, 870 F.2d at 452 (8th Cir. 1989); *Freeman*, 808 F.2d at 951 (2d Cir. 1986). Here, it is unclear what deprivation of liberty Moor's actions may have resulted in.

**iv. Cody Atwater**

Plaintiff alleges that Cody Atwater did not report an excessive force incident on January 19, 2025, and rather wrote that plaintiff complained of nose pain. Dkt. No. 7 at 2. This alone does not rise to the level of deliberate indifference to medical needs or safety. Here, the complaint does not indicate whether Atwater failed to treat plaintiff's medical needs. *See id.* Even liberally construed, the facts alleged are indicative of negligence rather than a constitutional violation.

## CONCLUSION

1. Plaintiff has stated a cognizable claim of deliberate indifference to his serious medical needs against defendants Michelle Keeter and Yeh Michael.

2. The Court DISMISSES plaintiff's claims against Moor and Cody Atwater with leave to amend. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must

include the caption and civil case number used in this order, Case No. 26-cv-01129-TLT and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint ***all*** the claims he wishes to present, including any amended claims as well as the Eighth Amendment claim for deliberate indifference to his medical needs against defendants Keeter and Michael, which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this Order in the time provided will result in the following: (1) the dismissal of Plaintiff's claims against defendants Moor and Atwater (2) the first amended complaint (Dkt. 7) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

3. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

a. Michelle Keeter

b. Yeh Michael

In accordance with the program, the Clerk of the Court is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 7), this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Plaintiff. No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

United States District Court
Northern District of California

requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, the defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under this Circuit's case law, in the rare event that a failure to exhaust is clear on the face of the complaint, the defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, the defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If the defendants are of the opinion that this case cannot be resolved by summary judgment, the defendants shall so inform the court at least **seven (7) days** prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. The plaintiff's opposition to the dispositive motion shall be filed with the court and served on the defendants no later than **twenty-eight (28) days** after the date on which the defendants' motion is filed.

c. The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact, that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

The plaintiff also is advised that, in the rare event that the defendants argues that the failure

United States District Court
Northern District of California

to exhaust is clear on the face of the complaint, a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

The notices above do not excuse the defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.

d. The defendants shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

e. The summary judgment motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to the defendants to depose the plaintiff and any other necessary witnesses confined in prison.

7. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: September 30, 2026

TRINA L. THOMPSON
United States District Judge